## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| UTILITY ASSOCIATES, INC., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | Civil Action No. _____ |
| v. ) | |
| ) | |
| DIGITAL ALLY, INC., ) | |
| ) | |
| Defendant. ) | |
| ) | |

## COMPLAINT

Plaintiff Utility Associates, Inc. ("Utility") files this Complaint against

Defendant Digital Ally, Inc. ("DAI"), and alleges and avers as follows:

INTRODUCTION

1.     In October of 2013, DAI filed a declaratory judgment complaint

against Utility, seeking a determination that no claim of Utility's U.S. Patent No.

6,831,556 was infringed by DAI, by any DAI product, or by any DAI customer.

*See*, Civil Action No. 2:13-cv-02550-SAC-KGS, United States District Court for

the District of Kansas, Kansas City Division (the "Kansas Action"), "Plaintiff's

Complaint for Declaratory Judgment," Dkt. No. 1.  In that declaratory judgment

complaint, DAI stated that there existed a substantial controversy of sufficient

immediacy and reality between DAI and Utility to warrant the action. *Id.* However, on April 9, 2014, the DAI declaratory judgment action was dismissed. *See*, the Kansas Action, Dkt. No. 27. DAI has appealed that decision.

2.      Since that time, Utility has considered products provided by DAI in view of the claims of the '556 Patent and, based upon a considered comparison, determined that several products offered in Georgia and elsewhere by DAI infringe the '556 Patent. Utility brings this action for patent infringement to protect its intellectual property rights as described and claimed in the '556 Patent.

PARTIES

3.      Plaintiff Utility is a Delaware corporation with a place of business at 1484 Brockett Road, Tucker, GA 30084.

4.      On information and belief, Defendant DAI is a Nevada corporation with a place of business at 9705 Loiret Blvd., Lenexa, KS 66219 that conducts business in Georgia.

5.      On information and belief, DAI may be served under Georgia's long arm statute through its registered agent for service of process – Corporate Services of Nevada.

2

JURISDICTION AND VENUE

6.      This is an action for patent infringement arising under the patent laws of the United States, 35 U.S.C. §1 et. seq.

7.      This Court has subject matter jurisdiction over DAI pursuant to 28 U.S.C. §§1331 and 1338 (a).

8.      This Court has personal jurisdiction over DAI since DAI sells and ships products, including but not limited to accused instrumentalities, into the State of Georgia for commercial gain.

9.      Venue is proper in this judicial district and division pursuant to 28 U.S.C. §1391(b) and (c) and 1400(b).

 PRELIMINARY STATEMENT

10.     Utility first made the within allegations of patent infringement in a Complaint of June 3, 2014, a true and correct copy of which is attached hereto as Exhibit A.

11.     On June 3, 2014, counsel for Utility made a good-faith attempt to file the Complaint contained in Exhibit A with the U.S. District Court for the Northern District of Georgia, Atlanta Division, paid the requisite filing fee in the amount of $400, and received a payment confirmation notice.  A true and correct copy of the

Pay.gov Payment Confirmation, Receipt No. 113E-5218950, time-stamped June 3, 2014, 6:22:27 PM, is attached hereto as Exhibit B.

12.     Subsequent to that good-faith attempt to file the Complaint on June 3, 2014, and believing the Complaint to have been filed, Utility issued a press release regarding the Complaint.

13.     On June 12, 2014, Utility became aware of a press release issued by DAI, in which DAI contended that Utility's Complaint dated June 3, 2014 had not been filed.  Upon investigation, Utility learned that an error occurred in the June 3, 2014 filing attempt.  In view thereof, Utility hereby re-files its Complaint of June 3, 2014.

BACKGROUND

14.      Utility is engaged in the business of manufacturing, distributing, and selling digital video imaging and storage products and methods, including for use in various law enforcement, security and commercial applications.

15.     Utility is the owner of the '556 Patent that affords patent protection to certain of its digital video imaging and storage products and methods.  A true and correct copy of the '556 Patent, which is entitled "Composite Mobile Digital Information System" is attached as Exhibit C.  As shown, the '556 Patent issued on December 14, 2004.

16.     DAI makes, or has had made for it, in-car video systems sold under the designations "DVM-500 Plus," "DVM-750" and "DVM-800."  A true and correct advertising brochure of a page from DAI's internet website depicting these systems is attached as Exhibit D.

17.     On information and belief, DAI has sold or offered for sale, in Georgia and elsewhere, each of the "DVM-500 Plus," "DVM-750" and "DVM-800" systems.

18.     On information and belief, there are users of the "DVM-500 Plus," "DVM-750" or "DVM-800" systems in Georgia and elsewhere.

19.     On information and belief, each of the "DVM-500 Plus," "DVM-750" and "DVM-800" in-car video systems shown in Exhibit B are capable of capturing and do capture information from at least two of video, audio and data information sources.

20.     On information and belief, each of the "DVM-500 Plus," "DVM-750" and "DVM-800" in-car video systems are capable of storing and do store information captured from at least two video, audio and data information sources in a car that contains one of the referenced DAI in-car video systems.

21.     On information and belief, each of the "DVM-500 Plus," "DVM-750" and "DVM-800" in-car video systems include a server.

5

22.     On information and belief, each of the "DVM-500 Plus," "DVM-750" and "DVM-800" in-car video systems are capable of and do digitally integrate the information captured from at least two video, audio and data information sources into one data stream.

**Count I:  INFRINGEMENT OF U.S. PATENT NO. 6,831,556**

23.     Utility repeats and incorporates by reference each and all of the allegations of Paragraphs 1-9 and 14-22 as if fully recited herein.

24.     The '556 Patent was duly and properly issued by the United States Patent and Trademark Office on December 14, 2004.

25.     The '556 Patent is presumed valid.

26.     Utility is the owner of all right, title and interest in and to the '556 Patent.

27.     By making, having made, selling and/or offering for sale the "DVM-500 Plus" in-car video system, DAI has directly infringed at least one claim of the '556 Patent, including but not limited to Claim 1 of the '556 Patent.

28.     By making, having made, selling and offering for sale the "DVM-750" in-car video system, DAI has directly infringed at least one claim of the '556 Patent, including but not limited to Claim 1 of the '556 Patent.

29.     By making, having made, selling and offering for sale the "DVM-800" in-car video system, DAI has directly infringed at least one claim of the '556 Patent, including but not limited to Claim 1 of the '556 Patent.

30.     In view of DAI's allegations in the Kansas Action and DAI's continued offering and sale of the "DVM-500 Plus," "DVM-750" and "DVM-800" products in Georgia and elsewhere, on information and belief, DAI has actively and knowingly infringed, and continues to infringe the '556 Patent with knowledge of Utility's patent rights and without reasonable basis for believing that DAI's conduct is lawful, including by engaging in acts of making, using, selling, or offering to sell within the United States, or importing into the United States, a product that embodies the patented invention described and claimed in the '556 Patent, including at least the "DVM-500 Plus," "DVM-750" and "DVM-800" products.

31.     In view of DAI's allegations in the Kansas Action and DAI's continued offering and sale of the "DVM-500 Plus," "DVM-750" and "DVM-800" products in Georgia and elsewhere, on information and belief, DAI has induced infringement and/or contributed to infringement of the '556 Patent by users of at least the "DVM-500 Plus," "DVM-750" and "DVM-800."   More specifically, in view of the Kansas Action and the allegations made therein by DAI, and on

information and belief, DAI had knowledge of the '556 Patent but has continued to induce and/or contribute to infringement of the '556 Patent.

32.     DAI's acts have been without express or implied license from Utility, and are willful and in reckless disregard of Utility's patent rights.  On information and belief, DAI will continue to infringe the '556 Patent, either directly or indirectly or both, unless enjoined by this Court.

33.     As a result of DAI's infringement, Utility has suffered, and will continue to suffer, irreparable harm for which there is no adequate remedy at law. Utility is entitled to preliminary and permanent injunctive relief against such infringement under 35 U.S.C. § 283.

34.     As a result of DAI's infringement, Utility has been damaged, will further be damaged, and is entitled to compensation for such damages under 35 U.S.C. § 284.

PRAYER FOR RELIEF

WHEREFORE, Utility respectfully requests that the Court:

A.     Enter judgment holding DAI liable for direct, contributory and inducement  of infringement of the '556 Patent;

B.     Issue an order preliminarily and permanently enjoining DAI, its officers, agents, servants, employees, attorneys, all those in active concert or

participation with it, and all other parties properly enjoined by law, from continued acts of infringement of the '556 Patent, whether directly or indirectly;

      C.    Award Utility damages adequate to compensate for all such unauthorized acts of infringement pursuant to 35 U.S.C. § 284, including any and all convoyed damages as may be appropriate, and treble the damages award by reason of the willful and deliberate nature of DAI's acts of infringement pursuant to 35 U.S.C. § 284;

      D.    Declare this case as exceptional within the meaning of 35 U.S.C. § 285 and award Utility its reasonable attorneys' fees and other costs and expenses as incurred in the prosecution of this action; and

      E.    Award such other and further relief as the Court deems just and proper.

Respectfully submitted, this 12th day of June, 2014.

Meunier, Carlin & Curfman, LLC

/s/ Stephen M. Schaetzel
Stephen M. Schaetzel
Georgia State Bar No. 628653
Email: sschaetzel@mcciplaw.com
Anthony B. Askew
Georgia State Bar No. 025300
Email: taskew@mcciplaw.com
David S. Moreland
Georgia State Bar No. 521998
Email: dmoreland@mcciplaw.com

**Attorneys for Plaintiffs**

817 W. Peachtree Street
Suite 500
Atlanta, GA 30308
Telephone: (404) 645-7724
Facsimile:  (404) 645-7707